**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIRIAM ARROYO<br><br>    Plaintiff<br><br>    v.<br><br>MISEY RESTAURANTS, INC. D/B/A RAICES RESTAURANT; UNIVERSAL INSURANCE COMPANY; A Company; B Insurance Company.<br><br>    Defendants | Civil no.<br><br>Plaintiffs Demand Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Come now** the Plaintiff, Miriam Arroyo, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff, Miriam Arroyo ("Ms. Arroyo") is of legal age, and domiciled in the State of New York.

2. MISEY RESTAURANTS, INC. D/B/A RAICES RESTAURANT, is a corporation organized and existing under Laws of Puerto Rico, having its principal place of business in Puerto Rico. Said corporation is the owner of and operator of a group of

1

restaurants that does business in Puerto Rico as Raices Restaurant, to include the Raices Restaurant located at Calle Recinto Sur, Old San Juan, San Juan Puerto Rico.

3. By information and/or belief, Universal Insurance Company is a duly registered insurance company authorized to conduct the business of insurance in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence of the Raices Restaurants and its employees and/or unknown defendants for accidents as further described in this complaint.

4. "A Company" is the fictitious name used to denominate another company or individual, that together with the rest of the defendants, may also own, operate and manage the Raices Restaurant where the accident described in this complaint occurred. Said defendant is also responsible to the plaintiff for the accident and damages suffered by plaintiff as described in this complaint. Once its identity is made known, the complaint may be amended in order to properly name or substitute said defendant in this complaint and/or include it as an additional party defendant.

5. B Insurance Company is the fictitious name used to denominate another at present unknown insurance company that is authorized to conduct the business of insurance in Puerto Rico, that at the time of the accident below described had issued one or more insurance policies to cover the liability of one or more defendants and their employees for accidents as described in this complaint.  Once the identity of said insurance company is made known, the complaint may be amended in order to substitute and properly name said insurance company defendant.

6. All of the above defendants included in this complaint are referred to collectively in this complaint as the "Raices Restaurant" defendants.

## II. JURISDICTION

7. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto

Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on March 18, 2024, at the Raices Restaurant in Old San Juan, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint the statute of limitations of one (1) year has not elapsed. See Article 1204 (a) of the Civil Code of Puerto Rico of 2020.

### IV. THE FACTS AND THE DAMAGES

10. On March 18, 2024, Plaintiff, visited Raices Restaurant with her sister Cindy Cruz.

11. In the afternoon, as Ms. Arroyo and her sister were preparing to leave the restaurant, while walking through one of the hallways that was covered with a rug on her way to the exit, the rug slipped as she stepped on it, casing Ms. Arroyo to fall on her back with force.

12. As a result of the fall, Ms. Arroyo suffered injuries in various parts of her body, to include a severe injuries to her back. The accident was reported to the restaurant employees by both Ms. Arroyo and her sister.

13. Ms. Arroyo due to the force of the fall was in pain and in shock.

14. Ms. Arroyo due to the intensity of the pain and the extent of her injuries, had to be transported via ambulance to receive emergency medical treatment in a hospital in Puerto Rico.

15. When she returned to her home, she was diagnosed as suffering a vertebrate compression fracture and disc bulging, and other back related injuries.

16. She had to undergo many physical therapy sessions and other treatments.

17. To this date, Ms. Arroyo still suffers from physical damages, pain, mental anguish, discomfort, distress, and embarrassment. She has permanent damages, since she has marked limitation of movement and is still in pain.

18. To this date, Ms. Arroyo continues to suffer the lingering effects of the injuries she received.

19. To this date she is no longer able to carry out certain activities and pleasures of life that she was able to enjoy prior to the accident. She is also limited in the activities that she can carry out on a daily basis.

**DAMAGES:**

20. The accident suffered by Mrs. Arroyo caused her to suffer physical damages, pain and suffering and mental anguish. As a result of the accident, she suffered permanent damages.

21. The value of all her damages related to her injuries, to include past, present and future pain, physical damages, permanent damages and impairment, and mental anguish is estimated in a sum in excess of **THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00)**

22. **SPECIAL ECONOMIC DAMAGES:** As a result of the accident suffered by Mrs. Arroyo, she has incurred and will have to incur additional economic damages.  Her vacation in Puerto Rico was ruined.  She had to incur in transportation and lodging costs. Mrs. Arroyo also incurred and will have to incur in unwanted expenses, to include medical, travel and other accident related unwanted expenses.  All economic damages due to Mrs. Arroyo are estimated in a sum in excess of **TWENTY THOUSAND DOLLARS ($20,000),** a sum that is also owed to the plaintiff by the defendants, since she would not have incurred in said expenses or losses if the accident had not occurred due to the negligence of the defendants.

23. All of the named Defendants as per the dispositions of the Civil Code of Puerto Rico of 2020 regarding damages, direct and vicarious liability, are jointly and severally liable to the Plaintiff for all of the damages caused due to their negligence.

24. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, Ms. Arroyo is entitled to be compensated jointly from the defendants for all damages caused her to suffer because of negligence as alleged in this complaint.

## V. LIABILITY

25. The accident resulting in the serious, severe and permanent damages to Mrs. Arroyo was caused by the exclusive fault and negligence of the Defendants and their employees.

26. The defendants are required to maintain all its restaurant premises in such condition so that their clients do not suffer injuries due to negligence of their management and employees.

27. The restaurant rug that caused Ms. Arroyo to fall, prior to the accident had been held in place by the defendants using adhesive tape. Said tape with the passage of time had worn off, and thus the rug had become loose and dangerous. Defendants had the knowledge of the dangerous condition since it was the defendants and/or their employees that had placed the adhesive tape to hold the rug in place so that the rug would not slip when stepped on.

28. By not attending to and/or repairing and/or providing maintenance to the rug, the defendants and their employees

were negligent and allowed the accident to happen, and the damages suffered by Mrs. Arroyo.

29. The restaurant and its employees were negligent in that they failed to maintain the rug in a reasonable safe condition for its clients. The restaurant and its employees failed to eliminate dangerous condition present at the time of the accident of an improperly placed and maintained rug.

30. The accident and the terrible damages suffered by plaintiff would not have occurred but for the negligent and lax acts of the defendants and their employees in failing to repair and maintain the rug and the restaurant hallway.

31. All defendants and their insurance company providers are thus joint and severally liable to Ms. Arroyo for all damages caused to suffer as per Article 1536 of the Civil Code of Puerto Rico of 2020, particularly since they had actual and constructive knowledge of the dangerous condition present at the time of the accident.

32. All insurance company defendants as per the Insurance Code of Puerto Rico are directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident.

33. Plaintiff demands trial by jury.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 10th day of March 2025.

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506